UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAVON DUSTIN MARSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-128 RLW |
| | ) | |
| MO DEPT. OF CORR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of self-represented plaintiff Javon Dustin Marsh for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $5.60. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will dismiss plaintiff's claim against the Missouri Department of Corrections, the official capacity claims against all defendants, the failure to protect claim against defendant Unknown Reckert in his individual capacity, and the individual capacity claims against defendants Julia Boyer, Lucas Wells, and Timothy McFarland. The Court will direct the Clerk of Court to issue process on defendants John Doe and Unknown Reckert in their individual capacities as to plaintiff's claims of excessive force.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed in forma pauperis, plaintiff has submitted a copy of his inmate account statement. (Docket No. 3). The account statement shows an average monthly deposit of $27.99. The Court will therefore assess an initial partial filing fee of $5.60, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating

that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented ("pro se") complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri.[1] He brings this civil action pursuant to 42 U.S.C. § 1983, naming as defendants the Missouri Department of Corrections, Julia M. Boyer, Lucas R. Wells, Timothy McFarland, Sergeant Unknown Reckert, and John Doe. (Docket No. 1 at 2-4). With regard to capacity, plaintiff initially indicates that all defendants are sued in their individual

---

[1]Plaintiff has checked the box on the form complaint indicating that he is a convicted and sentenced state prisoner. (Docket No. 1 at 2). Elsewhere, however, plaintiff asserts that he is "a pretrial detainee incarcerated at the" ERDCC. (Docket No. 1 at 8). According to the Missouri Department of Corrections website, plaintiff is serving a sentence of life without the possibility of parole for first degree murder, armed criminal action, and robbery. As such, the Court finds he is a convicted state prisoner, not a pretrial detainee.

capacities only. (Docket No. 1 at 5). Later in the complaint, however, plaintiff asserts that defendants are being sued in both their official and individual capacities. (Docket No. 1 at 13). The complaint contains allegations regarding an incident of excessive force while at the ERDCC, and defendants' purported failure to protect plaintiff from it.[2]

In the "Statement of Claim," plaintiff asserts that on February 7, 2022, while at the ERDCC, "he was severely beaten and subjected to the willful and malicious use of excessive force by defendants John Doe and Correctional Security Sergeant Reckert." (Docket No. 1 at 11). According to plaintiff, this occurred while his hands were restrained in metal bands behind his back, and while he was "on the floor and totally passive." More specifically, plaintiff states that Officer Doe "aggressively rushed towards" him "in an attempt to attack him," even though he never resisted and remained compliant. Then, Sergeant Reckert – along with "various officers" who are not named – "forcefully slammed [him] to the concrete floor," all while plaintiff remained in metal hand restraints, with his hands behind his back.

Plaintiff alleges that while he was on the ground, Officer Doe deployed mace, pulled his hair, and shoved his face into the ground. Afterward, Sergeant Reckert and the "various officers" picked plaintiff off the floor, "forcefully slammed him again," and deployed mace. (Docket No. 1 at 12). Plaintiff states he "was then forcefully rushed past medical" and placed into an administrative segregation cell, where he was subsequently "denied medical attention from medical staff."

---

[2]In the complaint, plaintiff states that "at all times relevant," defendants Boyer and Doe were employed by the Potosi Correctional Center. (Docket No. 1 at 8-9). Meanwhile, all other defendants are said to be employed at the ERDCC. At one point, contradicting himself, plaintiff states that at "all times relevant herein each of the named defendants were employees at/of ERDCC." (Docket No. 1 at 10). Despite the inconsistent allegations, it appears that the alleged constitutional violations took place at ERDCC, not at Potosi Correctional Center, because there is nothing in the complaint to suggest that the events in the "Statement of Claim" took place at two different correctional institutions. Instead, the factual allegations appear to be confined to ERDCC, where plaintiff is an inmate.

Plaintiff alleges that during the incident "he was totally passive once he was initially slammed to the floor," and that he "did not offer any physical resistance towards" Sergeant Reckert or any "of the various other officers involved." He accuses Sergeant Reckert and Officer Doe "of the excessive use of force," which he contends caused left shoulder abrasions, left knee abrasions and bruises, scratches on the left side of his face, a scarred left foot, and hair pulled out in patches from his scalp. (Docket No. 1 at 12-13).

Based on this incident, plaintiff sets forth two specific counts. In Count I, against Officer Doe, plaintiff claims that his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments were violated due to Doe's "wanton infliction of pain," "unnecessary and malicious use of excessive force," and "cruel and unusual punishment." (Docket No. 1 at 14).

Count II is directed against Sergeant Reckert, Officer Boyer, Lieutenant Wells, and Case Manager McFarland. (Docket No. 1 at 15). Plaintiff asserts that these defendants were under a legal duty to protect him, but that "their actions, inactions, omissions and knowledge were careless, malicious[,] and deliberate[ly] indifferent." (Docket No. 1 at 15-16). He states that Officer Doe "was extremely violent by history," and also "incompetent and untrustworthy." (Docket No. 1 at 16). Plaintiff further contends that defendants Reckert, Boyer, Wells, and McFarland either "knew or should have known by the numerous previous prisoner complaints against" Officer Doe that their failure to take disciplinary actions, or to make alternate arrangements to secure plaintiff's safety, would violate his constitutional rights. He alleges that these defendants "failed to properly investigate all previous" prisoner complaints against Doe, including those made by plaintiff, and "refused to enforce their written policy and procedures," leading to the denial of his rights under the Fourth, Eighth, and Fourteenth Amendments. (Docket No. 1 at 17).

Four exhibits are attached to the complaint: an offender grievance, an offender grievance appeal, a grievance appeal response, and a conduct violation report. (Docket No. 1-3). The Court has reviewed these exhibits and will treat them as part of the pleadings.[3]

In the offender grievance, plaintiff complains that his informal resolution request (IRR) has been delayed, and blames Case Manager McFarland for what he describes as "a violation of [his] due process." (Docket No. 1-3 at 1-2).

In the offender grievance appeal, plaintiff accuses Case Manager McFarland of failing to file his IRR, which he alleges is a due process violation. (Docket No. 1-3 at 4).

In the grievance appeal response, plaintiff is advised that Case Manager McFarland is no longer employed with the Department of Corrections, but that in any event, plaintiff cannot receive the damages he requested through the grievance process. (Docket No. 1-3 at 5).

In the conduct violation report dated February 7, 2022, Lieutenant Wells reports that while plaintiff was being escorted in restraints, plaintiff "became non-compliant and attempted to pull away from staff," and "refused all directives given to him," which "resulted in the use of force." (Docket No. 1-3 at 6).

Regarding the relief he seeks, plaintiff requests $13 million in compensatory damages, and a further $10,000 in punitive damages from each individual defendant. (Docket No. 1 at 18).

## Discussion

Plaintiff is a self-represented prisoner litigant who has filed a civil action pursuant to 42 U.S.C. § 1983, which the Court construes as alleging claims of excessive force and failure to

---

[3]*See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint").

protect. Because plaintiff is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss the claim against the Missouri Department of Corrections, the official capacity claims against all defendants, the failure to protect claim against defendant Unknown Reckert in his individual capacity, and the individual capacity claims against defendants Julia Boyer, Lucas Wells, and Timothy McFarland. However, the Court will direct the Clerk of Court to issue process on defendants John Doe and Unknown Reckert in their individual capacities as to plaintiff's claims of excessive force.

### A. Claim Against the Missouri Department of Corrections

Plaintiff has named the Missouri Department of Corrections as a defendant in this matter. Because this defendant is a department of the State of Missouri, this claim is treated as being made against the state itself, and fails for two reasons.

### i. The State is Not a 42 U.S.C. § 1983 "Person"

First, 42 U.S.C. § 1983 "provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[Section] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (explaining that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983").

In this case, plaintiff is seeking monetary damages against the State of Missouri. The State is not a 42 U.S.C. § 1983 "person" for purposes of such a claim. As plaintiff is missing an essential element of a § 1983 action, the claim must be dismissed.

### ii.     Sovereign Immunity

Second, plaintiff's claim is barred by sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives

its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception applies in this case.

The first exception does not apply because the Supreme Court has determined that 42 U.S.C. § 1983 – under which this case is brought – does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception does not apply because the State of Missouri has not waived sovereign immunity in this type of case. *See* Mo. Rev. Stat. § 537.600 (explaining that sovereign immunity is "in effect," and providing exceptions relating to the "negligent acts or omissions by public employees arising out of the operation of motor vehicles…within the course of their employment," and regarding "[i]njuries caused by the condition of a public entity's property").

Here, plaintiff has sued a department of the State of Missouri, and the claim is barred by sovereign immunity pursuant to the Eleventh Amendment. Plaintiff has not demonstrated that either of the two exceptions to sovereign immunity are present. Therefore, for this reason as well, plaintiff's claim against the Missouri Department of Corrections must be dismissed.

## B.  Official Capacity Claims

As previously noted, Plaintiff's complaint is somewhat contradictory as to the capacity in which defendants are sued. Initially, plaintiff states he is suing the defendants in their individual

capacities only. Later, plaintiff asserts he is actually suing defendants in both their official and individual capacities. Assuming that plaintiff intended to sue defendants in both capacities, the Court determines that the official capacity claims against all defendants must be dismissed.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer").

Here, defendants Boyer, Wells, McFarland, Reckert, and Doe are alleged to be employed by the Missouri Department of Corrections. Thus, the official capacity claims against them are treated as being made against their employer, the State of Missouri. As discussed above, a state official sued in his or her official capacity is not a "person" for purposes of a 42 U.S.C. § 1983 claim. *See Will*, 491 U.S. at 71 (explaining that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Moreover, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). Because plaintiff is seeking monetary damages, his official capacity claims are barred, and must be dismissed.

### C. Individual Capacity Claims

Plaintiff has clearly indicated an intent to sue defendants Boyer, Wells, McFarland, Reckert, and Doe in their individual capacities. In the complaint, he characterizes his claims as

arising under the Fourth, Eighth, and Fourteenth Amendments, and as implicating excessive force, cruel and unusual punishment, and deliberate indifference. Liberally construing this action, the Court construes the complaint as containing Eighth Amendment claims for excessive force and failure to protect.

### i.    Excessive Force Claims Against Sergeant Reckert and Officer Doe

Plaintiff has accused both Sergeant Reckert and Officer Doe "of the excessive use of force." (Docket No. 1 at 12). The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992). *See also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). *See also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically"). The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

In this case, plaintiff asserts that Sergeant Reckert "forcefully slammed" him "to the concrete floor" while plaintiff's hands were restrained behind his back. Officer Doe then deployed mace, pulled plaintiff's hair, and shoved plaintiff's face into the ground. Next, Sergeant Reckert allegedly picked plaintiff off the floor and slammed him down again, and then deployed mace.

Plaintiff contends that throughout this incident he was "totally passive" and "did not offer any physical resistance." He further states that he suffered injuries to his left shoulder, left knee, left foot, and the left side of his face.

For purposes of this initial review, the Court must accept these allegations as true, and draw all reasonable inferences in plaintiff's favor. *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Cargill, Inc.*, 61 F.4th 615, 619 (8th Cir. 2023). As such, plaintiff's claims of excessive force against Sergeant Reckert and Officer Doe are sufficient for purposes of initial review. The Court will therefore direct the Clerk of Court to issue process on defendants Reckert and Doe in their individual capacities. The Court cautions plaintiff that this is only a preliminary determination based solely on the allegations contained in the complaint. This is not a determination of the merits of his claim or any potential defenses thereto.

### ii. Failure to Protect Claims Against Defendants Reckert, Boyer, Wells, and McFarland

Plaintiff asserts that defendants Reckert, Boyer, Wells, and McFarland were "under a legal duty to protect [him] from a deprivation of his rights," but acted with deliberate indifference with regard to those rights. (Docket No. 1 at 15-16). The Court construes this as a failure to protect claim in which defendants Reckert, Boyer, Wells, and McFarland allegedly ignored the risk posed by Officer Doe, and nevertheless allowed plaintiff to be escorted by Doe.[4]

Prison officials violate the Eighth Amendment "when they exhibit a deliberate or callous indifference to an inmate's safety." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018). "To prevail on a failure-to-protect claim, an inmate must make two showings: (1) an objective component, that there was a substantial risk of harm to the inmate, and (2) a subjective component,

---

[4]While plaintiff makes reference to unidentified "various officers" being present when force was used, there are no allegations in the complaint that defendants Boyer, Wells, and McFarland took part in the incident that occurred on February 7, 2022.

that the prison official was deliberately indifferent to that risk." *Axelson v. Watson*, 999 F.3d 541, 546 (8th Cir. 2021). For a defendant to have acted with deliberate indifference, "he must have recklessly disregarded a known, excessive risk of serious harm to" a plaintiff's safety. *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003). *See also Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007) ("A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

In this case, plaintiff states that defendants Reckert, Boyer, Wells, and McFarland entrusted plaintiff's safety to Officer Doe, even though Doe "was extremely violent by history, incompetent and untrustworthy." He asserts that defendants should have known this due to "previous prisoner complaints," that they failed to investigate these complaints, and that they "deliberately failed and refused to enforce their written policy and procedures."

To survive initial review, plaintiff "must allege facts that, accepted as true, state a claim to relief that is plausible on its face." *See Rossi v. Arch Ins. Co.*, 60 F.4th 1189, 1193 (8th Cir. 2023). Here, plaintiff has not presented sufficient factual allegations to demonstrate that Officer Doe presented a substantial risk of harm to him before the February 7, 2022 incident. Even if he had, plaintiff has failed to establish that each individual defendant knew of and disregarded that risk.

With regard to a substantial risk of harm, plaintiff has asserted no facts, but only unsupported conclusions. For instance, he states that Officer Doe was "extremely violent by history," without providing any context for the statement, and contends that Doe was "incompetent and untrustworthy," without further explanation. Plaintiff mentions prisoner complaints about Officer Doe, but makes no effort whatsoever to describe the contents of those complaints, when

they were made, or how those complaints demonstrate that he was at risk. To state a cause of action, "A pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010). As discussed above, plaintiff relies solely on labels, conclusions, and bare assertions, which is not enough to state a claim.

Even assuming a substantial risk of harm existed, plaintiff has failed to show that each individual defendant acted with deliberate indifference. Individual liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). Plaintiff has not done that here.

In his failure to protect claim, plaintiff broadly concludes that defendants Reckert, Boyer, Wells, and McFarland failed to protect him from Officer Doe. At no point, however, does he establish each individual defendant's personal responsibility. For example, concerning Sergeant Reckert, there are no allegations demonstrating what he knew about Officer Doe's "history," when he knew it, or how his specific acts or omissions led to the incident of excessive force apparently instigated by Officer Doe on February 7, 2022. This is true for defendants Boyer, Wells, and

McFarland as well. Plaintiff makes no attempt to connect each defendant to the challenged action. Plaintiff's mere insistence that all four defendants failed to take disciplinary action against Officer Doe, or investigate the complaints against him, amounts to an unsupported conclusion that the Court need not accept as true. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) ("A pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief").

Plaintiff also accuses defendants Reckert, Boyer, Wells, and McFarland of failing "to enforce their written policy and procedures." This assertion, like the others discussed above, comes with no factual support. That is, plaintiff does not provide any information about the contents of the "policy or procedures," much less how each particular defendant failed or refused to follow it. Moreover, the mere violation of a correctional policy is not sufficient to state an Eighth Amendment violation. *See Vandevender v. Sass*, 970 F.3d 972, 978 (8th Cir. 2020) ("We have repeatedly held that violations of prison policy or regulations alone are not enough to establish deliberate indifference under the Eighth Amendment").

For these reasons, plaintiff has failed to sufficiently state a failure to protect claim against defendants Reckert, Boyer, Wells, and McFarland in their individual capacities. Therefore, these claims will be dismissed.

**D.  Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 4). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Instead, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim … and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of

counsel." *Patterson*, 902 F.3d at 850. When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $5.60 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 4) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff's claim against the Missouri Department of Corrections and the official capacity claims against defendants Julia Boyer, Lucas Wells, Timothy

McFarland, Unknown Reckert, and John Doe are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the individual capacity claims against defendants Julia Boyer, Lucas Wells, and Timothy McFarland are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the failure to protect claim against defendant Unknown Reckert in his individual capacity is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on the Eighth Amendment excessive force claims against defendants Unknown Reckert and John Doe in their individual capacities. Defendants shall be served with process in accordance with the waiver agreement the Court maintains with the Missouri Attorney General's Office for service on Missouri Department of Corrections Employees.

**IT IS FURTHER ORDERED** that an appeal from this order of partial dismissal would not be taken in good faith.

A separate order of partial dismissal will accompany this Memorandum and Order.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>19th</u> day of April, 2023.