UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAVON DUSTIN MARSH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:23-CV-00128-SPM |
| ROBERT A. RECKERT | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Withdraw Deemed Admissions. (ECF No. 71). The motion has been fully briefed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 51). For the following reasons, the motion will be granted.

**I.   FACTUAL BACKGROUND**

On February 3, 2023, Plaintiff, Javon Dustin Marsh, a self-represented prisoner, filed his complaint in this case, alleging that Defendant Robert A. Reckert used excessive force against him in violation of his Eighth Amendment rights and asserting a claim pursuant to 42 U.S.C. § 1983. On or around January 19, 2024, Defendant mailed to Plaintiff requests for admission under Fed. R. Civ. P. 36. *See* Ex. 6 to Def.'s Statement of Uncontroverted Material Facts, ECF No. 40-6. As relevant to the instant motion, Defendant requested that Plaintiff admit the following:

2. On February 7th, 2022 at approximately 6:39 PM, you attempted to pull away from the officers who were escorting you.
3. The officers who were escorting you gave you multiple verbal directives to comply with the restrained escort.
4. At this time, staff placed you on the ground in order to maintain control over you. . . .

  6.  Shortly thereafter, you attempted to pull away from staff and refuse verbal directive for a second time.

*Id.* at 2. Pursuant to Fed. R. Civ. P. 36(a)(3), Plaintiff's responses were due on February 20, 2024. Plaintiff did not timely respond to the requests for admission, a failure he attributes to long delays in mail deliveries at his institution, his lack of counsel, and his limited (eighth grade) education. *See* Pl.'s Ex. A, Declaration of Javon Marsh, ECF No. 71-1, at ¶¶ 2-4.

On February 20, 2024—the same day Plaintiff's responses to the Requests for Admissions were due—Defendant took Plaintiff's deposition and questioned Plaintiff extensively about the matters addressed in Requests for Admission 2, 3, 4, and 6. Pl.'s Ex B, Deposition of Javon Marsh (Feb. 20, 2024) ("Marsh Dep."), ECF No. 71-2. During the deposition, Plaintiff testified, *inter alia*, that he never pulled away from (and never tried to pull away from) staff, *id.* at 41:-17-23; that he was never noncompliant with staff orders and the officer who said he was noncompliant was lying, *id.* at 41:24-25, 42:4-25, 44:1-3; 76:22-25, 71:1-3; 91:22); and that (despite his compliance) he was forcefully "slammed" into the ground, causing injuries to his shoulder, knee, and wrist, *id.* at 34:7-10; 48:1, 98:4-8; 110:19-24; 112:13-17.

On March 21, 2024, Defendant filed a motion for summary judgment. ECF No. 38. In his Statement of Uncontroverted Material Facts, Plaintiff relied, in part, on the unanswered Requests for Admission at issue in this motion. ECF No. 40, at ¶¶ 21-23, 27. Each of the facts supported by the admissions at issue was also supported by several other pieces of evidence. *Id.*

In the instant motion, filed the same day as Plaintiff's opposition to Defendant's summary judgment motion, Plaintiff seeks to withdraw these admissions.

  II.  **LEGAL STANDARD**

Under Rule 36(a)(1) of the Federal Rules of Civil Procedure, a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of factual

2

matters within the scope of discovery. Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter . . . " Fed. R. Civ. P. (a)(3). Under Rule 36(b), "a matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* "The two-prong test of Rule 36(b) directs the court to consider the effect upon the litigation and prejudice to the resisting party[,] rather than focusing on the moving party's excuses for an erroneous admission." *F.D.I.C. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) (internal citations and quotation marks omitted). *See also Est. of Wolf by & through Wolf v. Int'l Eagle Xpress, Inc.*, No. 1:17-CV-30-HCA, 2018 WL 11449376, at *3 (S.D. Iowa Sept. 24, 2018) ("[T]his test does not focus on, or even require the moving party to offer an explanation for its prior neglect.").

### III.   DISCUSSION

The Court finds that both prongs of the test found in Rule 36(b) have been met and that Plaintiff's motion to withdraw the Requests for Admission should be granted.

The first prong of the test requires the Court to consider whether withdrawal of the admissions would "promote the presentation of the merits of the action." This prong is clearly satisfied. The admissions at issue concern the key facts in this excessive force case—the circumstances under which Defendant used force against Plaintiff, the reasons for the use of force, and the nature of the force used. Moreover, as set forth above, the facts set forth in the admissions are contradicted by Plaintiff's deposition testimony. If the facts addressed in the admissions are

deemed conclusively established based on Plaintiff's failure to respond by the deadline, it will be difficult or impossible for Plaintiff to have his case evaluated on the merits. Allowing Plaintiff to withdraw the admissions will allow the Court to fully consider the merits of the case.

The second prong of the test requires the Court to consider whether it is "persuaded that [withdrawal] would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). "The prejudice contemplated by Rule 36(b) 'relates to the difficulty a party may face in proving its case because of a sudden need to obtain evidence required to prove the matter that had not been admitted.'" *Clines v. Special Admin. Bd. Transitional Sch. Dist. of City of Saint Louis*, No. 4:18-CV-153-NAB, 2019 WL 398352, at *2 (E.D. Mo. Jan. 31, 2019) (quoting *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir. 1983)). "The necessity of having to convince the trier of fact of the truth of a matter erroneously admitted is not sufficient. Likewise, preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice." *F.D.I.C. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) (internal citation omitted). Defendant has the burden of proving the requisite prejudice. *Id.*

Defendant argues that withdrawal would prejudice him because he justifiably relied on these admissions when drafting and submitting his motion for summary judgment; because the discovery deadline has passed; and because it would be extremely difficult for him to obtain new evidence at this point. On the other hand, Plaintiff argues that Defendant would not be prejudiced by the withdrawal because Defendant deposed Plaintiff on exactly the same topics covered in the requests on the same day Plaintiffs' responses to the requests for admissions were due; because Plaintiff did not rely *solely* on the deemed admissions for any of the facts asserted in support of summary judgment; and because Defendant does not identify any new evidence he would need to obtain if the admissions were deemed withdrawn.

4

The Court finds Plaintiff's arguments persuasive and finds that Defendant has not met his burden of showing prejudice under Rule 36(b). As set forth above, Defendant effectively obtained answers to the requests for admissions on the day he took Plaintiff's deposition, which was the same day Plaintiff's answers to the requests for admissions were due. As of the date of that deposition, Defendant was on notice that Plaintiff was contesting the facts set forth in those requests, and Defendant would have known of the possibility that it might need additional discovery to establish those facts. *See Edeh v. Equifax Info. Servs., LLC*, 295 F.R.D. 219, 225-26 (D. Minn. 2013) (finding no prejudice from withdrawal of deemed admissions under Rule 36(b) even though the requesting party had relied on the deemed admissions though the close of discovery and would have difficulty obtaining additional discovery to address the facts that had been deemed admitted; reasoning in part that the requesting party knew, prior to the close of discovery, that the other party contested the issues in the requests and might move at any time to withdraw the admissions), *aff'd,* 564 F. App'x 878 (8th Cir. 2014). Additionally, as Plaintiff points out, Defendant has not explained what new evidence he will need if Defendant's requests are deemed admitted, nor is it apparent to the Court.

Although Defendant relied on the lack of answers to the requests in preparing his motion for summary judgment, that alone is not enough to show prejudice under Rule 36(b). *See Prusia*, 18 F.3d at 640  ("[P]reparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice.") (internal citations omitted); *Cotton v. Stephens*, No. 4:18CV3138, 2020 WL 11047601, at *2 (D. Neb. Aug. 4, 2020) (finding no Rule 36(b) prejudice even though the requesting party had already filed a motion for summary judgment in reliance on the admissions). Additionally, as Plaintiff points out, for each fact in which Defendant relied on the

5

deemed admissions in its summary judgment motion, Defendant also relied on other evidence in the record.

For the above reasons, the Court finds the requirements of Rule 36(b) have been satisfied, and it will grant Plaintiff's motion to withdraw deemed admissions. *See, e.g.*, *Am. Petro, Inc. v. Shurtleff*, 159 F.R.D. 35, 37 (D. Minn. 1994) ( "As a general proposition, "[i]t does not further the interests of justice to automatically determine all the issues in a lawsuit and enter summary judgment against a party because a deadline is missed.") (internal quotation marks omitted); *Clines v. Special Admin. Bd. Transitional Sch. Dist. of City of Saint Louis*, No. 4:18-CV-153-NAB, 2019 WL 398352, at *2 (E.D. Mo. Jan. 31, 2019) ("[L]itigation is not an exercise in catching one's opponent in some technical misstep to secure advantage. It is a search for truth and justice, and the procedural rules are meant to facilitate that search, not impede it..").

Finally, the Court addresses Defendant's complaint that Plaintiff *still* has not filed answers to the requests for admissions. In Plaintiff's motion, Plaintiff states that he requests that the deemed admissions "be formally denied." Pl.'s Mo., ECF No. 71, at 3. In his reply, Plaintiff states that he has been awaiting this Court's ruling on the motion to respond with a formal pleading, if necessary, and that Plaintiff was not aware of any legitimate reason to send Defendant a list of response until the Court withdrew the deemed admissions. If Plaintiff sought leave to serve late answers, the Court would grant such a motion, because the test for evaluating motions to serve late answers to requests for admissions is the same two-prong Rule 36(b) test that applies to Plaintiff's motion to withdraw. *See Warren v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 544 F.2d 334, 339 (8th Cir. 1976). However, given that the Court has already granted the motion to withdraw the deemed admissions, the Court does not see the purpose of requiring Plaintiff to serve a late response at this time.

## IV. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Withdraw Deemed Admissions. (ECF No. 71) is **GRANTED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of February, 2025.