UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAVON DUSTIN MARSH,               ) | |
| )                                  | |
| Plaintiff,                       ) | |
| )                                  | |
| v.                                ) | Case No. 4:23-CV-128-SPM |
| )                                  | |
| )                                  | |
| ROBERT A. RECKERT,                ) | |
| )                                  | |
| Defendant.                       ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Robert A. Reckert's "Response to Plaintiff's Declaration and Motion to Exclude Portions as Violative of the Sham Affidavit Rule and Contrary to Plaintiff's Prior Admissions" (ECF No. 78). In this motion, Reckert requests that the Court "disregard and exclude" portions of Plaintiff Javon Marsh's January 2, 2025, Declaration in assessing Reckert's motion for summary judgment. Reckert argues that some paragraphs of the Declaration violate the sham affidavit rule and that others should not be considered for other reasons. Marsh has filed a response in opposition to the motion.

**A.  Objections Based on Sham Affidavit Rule**

The Court first considers Reckert's argument that several paragraphs of Marsh's Declaration should be disregarded under the sham affidavit rule because they contradict his testimony from his earlier deposition. This argument appears to apply paragraphs 19, 23, 27 through 32, and 34 of the Declaration.

"It is well-settled that parties to a motion for summary judgment cannot create sham issues of fact in an effort to defeat summary judgment" *Button v. Dakota, Minnesota & E.RR. Corp*, 963

F.3d 824, 830 (8th Cir. 2020) (quoting *Bass v. City of Sioux Falls*, 232 F.3d 615, 618 (8th Cir. 1999)). "An affidavit is a sham affidavit if it contradicts prior testimony or is a 'sudden and unexplained revision of testimony [that] creates an issue of fact where none existed before.'" *Id.* (quoting *Bass*, 232 F.3d at 618). "However, if the affidavit merely explains portions of a prior deposition that may have been unclear, it is not a sham affidavit." *Id.* (citing *City of St. Joseph v. Sw. Bell Tel.*, 439 F.3d 468, 476 (8th Cir. 2006)). *See also Taylor v. Cottrell, Inc.*, 795 F.3d 813, 818 (8th Cir. 2015) ("We do not permit a post-deposition affidavit to contradict prior testimony in an attempt to create issues of fact. But an affidavit may be submitted to clarify ambiguities or confusion in deposition testimony.") (internal citations omitted). An affidavit is not a sham affidavit merely because it contains additional information beyond what was in the prior deposition testimony. *See Setchfield v. St. Charles Cnty.*, 109 F.4th 1084, 1091 (8th Cir. 2024) (citing *Bass*, 232 F.3d at 618.

Reckert first challenges the statements in Paragraph 19 (in which Marsh states that when Reckert told him to "stop resisting," Marsh "was not resisting at all or doing anything but simply walking"), Paragraph 31 ("At no point during the escort did I pull away from staff or attempt to pull away from staff."), Paragraph 32 ("At no point during the escort did I resist the officers. I was in their complete control, with my hands restrained behind my back."), and Paragraph 34 ("At no point did I disobey any direct orders from the officers during the escort that caused my injuries on February 7, 2022. Instead, the officers, including Mr. Reckert, falsely accused me of being noncompliant"). Reckert argues that these statements are "clearly contradicted by" Marsh's deposition testimony admitting that he talk to Captain Howe as they passed him early in the escort. For the most part, the Court finds no contradiction. The statements in Paragraphs 31, 32, and 34, are not at all inconsistent with Marsh's testimony that he attempted to speak to Captain Howe, and

they are consistent with Marsh's repeated testimony at his deposition that he was fully compliant during the escort and never pulled away from staff or tried to pull away from staff. *See* Marsh Dep. 41:15-42:6. However, to the extent that Paragraph 19's statement that Marsh was "not doing anything at all but simply walking" suggests he did not try to speak to Captain Howe, the Court agrees that there is a contradiction and will disregard the statement.

Reckert next argues that Marsh's statement in Paragraph 23 of the Declaration ("Mr. Reckert threatened to use force on me again. I was threatened with a blast of mace if I resisted again.") is contradicted by testimony in Marsh's deposition that the only threat Reckert gave was that he would place Marsh on the ground again if he continued to resist the escort. After review of the relevant deposition testimony, the Court finds no contradiction, as long as Marsh's Declaration is understood to not attribute the threat of mace to Reckert.

Reckert next argues that Marsh's statement in Paragraph 30 of the Declaration ("Although I was upset that I was being moved to Housing Unit Two, I never aggressed against any of the officers. I did not act angrily towards any of the officers.") is inconsistent with his deposition testimony stating he was hostile, had trouble with authority, and felt very angry at officers for finding contraband in his cell. Again, after review of the relevant deposition testimony, the Court finds no contradiction. Marsh's testimony that he was angry, felt hostile, and had trouble with authority is not inconsistent with his statement that he never "aggressed" against the officers and did not "act angrily towards" them. *See* Marsh Dep. 81:9-13, 136:1-5, 141:8-10.

Finally, Reckert argues that Marsh's statements in paragraphs 27 through 29 of his Declaration, in which Marsh attributes to Reckert's use of force his bleeding and abrasions, his scarring, and his injuries to his shoulder, wrists, and ankle, contradicts his prior deposition, where he states most of the force came from others. Reckert does not cite the specific deposition

testimony he believes contradicts Marsh's statements in the Declaration. The Court's review of the deposition testimony reveals no contradiction. Although Marsh testified that officers other than Reckert sprayed pepper spray in his face, pulled his hair, and shoved his face into the dirt, Reckert participated in both of the incidents of slamming Marsh to the ground that would have resulted in the injuries to the shoulder, wrists, and ankle Plaintiff now claims.

In sum, after review of the relevant paragraphs of the Declaration and Marsh's deposition testimony, the Court finds that for the most part, these paragraphs do not contradict Marsh's prior deposition testimony, but merely clarify ambiguity, explain portions of the deposition that were unclear, expand on topics not specifically asked about in the deposition. However, the Court will disregard the statement in Paragraph 19 that Marsh was "not doing anything at all but simply walking" to the extent that it suggests Marsh did not try to speak to Captain Howe during the escort. The Court will also disregard Paragraph 23 to the extent that it attributes the threat of mace to Reckert.

B. **Reckert's Other Objections**

Reckert requests that the Court exclude Paragraphs 4, 5, 9, 37, 42, and 45 on various grounds, including hearsay, lack of personal knowledge, lack of supporting evidence, and irrelevance. The Court finds none of these paragraphs are relevant to Reckert's summary judgment motion and thus will not consider them. The Court need not address Reckert's more specific objections.

For the above reasons,

**IT IS HEREBY ORDERED** that Reckert's "Response to Plaintiff's Declaration and Motion to Exclude Portions as Violative of the Sham Affidavit Rule and Contrary to Plaintiff's

Prior Admissions" (ECF No. 78) is **GRANTED IN PART a**nd **DENIED IN PART**, as set forth above.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of March, 2025.