# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DISTRICT

| | |
|---|---|
| JAVON DUSTIN MARSH,<br><br>     Plaintiff,<br><br>v.<br><br>MISSOURI DEPARTMENT OF CORRECTION, *et al.*,<br><br>     Defendants. | Case No.4:23-cv-00128-SPM |

### Defendant Reckert's Memorandum on Court's Procedure Concerning Affirmative Defense of Failure to Exhaust Administrative Remedies

Defendant Reckert, through undersigned counsel, respectfully submits this Memorandum, in response to this Court's Order (Doc. 93) concerning the procedure for addressing Defendant's affirmative defense of failure to exhaust administrative remedies. (Doc. 93). Defendant Reckert requests that this Court conduct an evidentiary hearing before empaneling a jury to determine whether Plaintiff has exhausted administrative remedies as required under the Prisoners Litigation Reform Act. At this hearing, each party would present evidence on the issue. The Court would then decide the exhaustion issue as finder of fact.

## Argument

The 8th Circuit has not yet addressed the issue of whether the Court or a jury should decide fact issues relating to whether an inmate has exhausted available administrative remedies. *Covington v. Stuckey-Parchmon*, No. 4:18-cv-01667-SEP, 2021 WL 3856554 (E.D. Mo. Aug. 27, 2021). Judges in the Eastern District of Missouri have addressed this issue and, citing rules from other circuits', found that the appropriate procedure is to conduct an evidentiary hearing, wherein the Court determines the issue of exhaustion. *Id.; see also, Walther v. Habtemariam*, No. 4:17-CV-2705-SPM, 2022 WL 2915566 (E.D. Mo. 2022).

The Court in *Covington* denied Defendant's motion for summary judgment, stating that "[M]aterial questions of fact remain as to whether Plaintiff properly filed his grievances and whether the County jail failed to timely respond, so as to render its remedies 'unavailable' under the [Prisoner's Litigation Reform Act]." *Covington,* 2021 WL 3856554 *2. Denial of summary judgment for a genuine dispute of material fact normally calls for a reasonable jury, as the fact-finder, to hear and decide the issue of fact. *See* Fed.R.Civ.P. 56*; Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986) (summary judgment is denied when a material fact is disputed and the jury, as factfinder, determines the credibility and outcome of the disputed fact). But under this Court's precedents, exhaustion is treated as a preliminary matter to be

2

determined by the Court without the aid of a jury. *Covington,* 2021 WL 3856554 *2-3. The Court in *Covington,* like the Court in this case, faced the issue of exhaustion being a question of both law and disputed fact. In *Covington,* Judge Pitlyk found that an evidentiary hearing was the appropriate procedure for determining the issue of exhaustion. *Covington,* 2021 WL 3856554 *2, citing *Small,* 728 F.3d at 271 ("Exhaustion is a question of law to be determined by a judge, even if that determination requires the resolution of disputed facts.").

The Court's decision in *Covington* analyzed decisions from five other circuits, all of which held that a non-jury, evidentiary hearing was the appropriate solution. The Court agreed with the six other circuits – the

Second[1], Third, Fifth[2], Seventh[3], Ninth[4], and Eleventh[5] Circuits that judges may resolve factual disputes relevant to the exhaustion issue without the participation of the jury.

---

[1] The Second Circuit, in *Messa v. Goord*, held that, although it had yet to address "whether there is a right to a jury trial on factual disputes regarding an inmate's failure to exhaust administrative remedies as required by the PLRA," other five other Circuits had addressed that issue and all five found that no such right exists. Thus, the Court in *Messa* held an evidentiary hearing before trial wherein the Judge was to decide on the issue of administrative exhaustion. *Messa v. Goord*, 652 F.3d 305, 308 (2nd Cir. 2011).

[2] The Fifth Circuit in *Dillon v. Rogers*, affirmed other circuit rulings that factual disputes concerning exhaustion may be resolved by judges. *Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010).

[3] The Seventh Circuit, in *Pavey v. Conley*, held that an evidentiary hearing wherein the Judge decides on the issue of exhaustion is appropriate so to avoid a jury deciding "the merits of a case that should never have gotten to the merits stage because the judge should have found that the prisoner had failed to exhaust his administrative remedies." *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). The Seventh Circuit emphasizes that trying the merits before exhaustion "is unsatisfactory in the present setting because it would thwart Congress's effort to bar trials of prisoner cases in which the prisoner has failed to exhaust his administrative remedies." *Id*.

[4] The Ninth Circuit, in *Wyatt v. Terhune* and in *Albino v. Baca*, held that issue of exhaustion is one for a judge to decide, not a jury. *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003); *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). In *Albino*, the Ninth Circuit specifically stated that in a PLRA case, "disputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." *Albino,* 747 F.3d at 1171.

[5] The Eleventh Circuit, in *Bryant v. Rich*, held that "[e]ven thought a failure-to-exhaust defense is non-jurisdictional, it is like a defense for lack of jurisdiction in one important sense: Exhaustion of administrative remedies is a matter in abatement, and ordinarily [does] not deal with the merits[.]" and as such, the "district judge did not err by acting as the factfinder on" the issue of exhaustion. *Bryant v. Rich*, 530 F.3d 1368, 1374, 1378 (11th Cir. 2008).

4

Similarly, in *Walther v. Habtemariam*, this Court held that the issue of exhaustion should be decided by the Judge in an evidentiary hearing prior to trial. *Walther v. Habtemariam*, No. 4:17-CV-2705-SPM, 2022 WL 2915566 (E.D. Mo. 2022). In *Walther*, this Court held an evidentiary hearing where both sides were allowed to present testimony and documentary evidence to support their position on the issue of exhaustion under the PLRA. *Id.* *3-6 The Court also accepted post-hearing briefs from the parties arguing their positions. *Id.* The Court considered both parties arguments and the credibility of evidence presented when determining, by a preponderance of the evidence, whether the issue of exhaustion had been satisfied. *Id.* *5-6; *Covington*, 2021 WL 3856554 *4-6 (the judge ruled on the issue of exhaustion after "considering documentary evidence and testimony, making credibility determined, and deciding whether the plaintiff has exhausted his administrative remedies.").

## **Conclusion**

This Court is faced with the same situation as in *Covington* and *Walther*. Defendant Reckert respectfully submits that the appropriate solution is to hold an evidentiary hearing prior to trial.

        Respectfully submitted,

        **ANDREW BAILEY**
        Attorney General

        */s/ Juliana M. Bartoli*
        Juliana M. Bartoli, #76543MO
        Assistant Attorney General
        615 E. 13th Street, Suite 401
        Kansas City, Missouri 64106
        (816) 889-5063
        Juliana.Bartoli@ago.mo.gov

        *Attorney for Defendant Reckert*

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that on May 27, 2025, the foregoing was filed electronically with the Clerk of Court and was served upon all counsel of record via the Court's electronic case management system (CM/ECF).

        */s/ Juliana M. Bartoli*
        Assistant Attorney General