### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DISTRICT

| | |
|---|---|
| JAVON DUSTIN MARSH,<br><br>   Plaintiff,<br><br>   v.<br><br>MISSOURI DEPARTMENT OF<br>CORRECTIONS, *et al.,*<br><br>   Defendants. | Case No. 4:23-cv-00128-SPM |

### Defendant Reckert's Second Memorandum on Court's Procedure Concerning Affirmative Defense of Failure to Exhaust Administrative Remedies

Defendant Reckert, through undersigned counsel, respectfully submits this Memorandum in response to this Court's Order (Doc. 96) requiring parties to file supplemental briefing addressing the impact, if any, of the Supreme Court's Recent decision in *Perttu v. Richards,* 145 S.Ct. 1793 (June 18, 2025). The Recent Supreme Court ruling in *Perttu* effectively compels this Court to conduct a preliminary hearing and decide the issue of whether Plaintiff properly exhausted administrative remedies required under the Prison Litigation Reform Act ("PLRA"). Defendant Reckert requests that this Court conduct an evidentiary hearing prior to empaneling a jury to determine the preliminary issue of whether Plaintiff exhausted administrative remedies required under the PLRA. The Court, not a jury, should decide the issue of exhaustion at an evidentiary hearing.

### Argument

The Supreme Court's decision in *Perttu v. Richards* effectively compels this Court to conduct a preliminary hearing and decide whether Plaintiff exhausted admiinsitrative remedies under the Prison Reform Litigation Act (PLRA).. *Perttu,* 145 S.Ct. 1793.

In *Perttu v. Richards*, Plaintiff Richards (an inmate), filed suit against Defendant, Perttu (a prison employee), for sexual harassment and violation of Plaintiff's First Amendment right to file grievances, expressly alleging that [when 'Plaintiff] attempted to file grievance documents about the sexual abuse, *Perttu* destroyed them and retaliated against him for attempting to file them". *Perttu* at 1 (internal citations omitted). *Perttu,* 145 S.Ct. at 1795. The District Court in *Perttu* found there was "a genuine issue of fact as to whether Plaintiffs were excused rfom properly exhausting their claims due to interference by *Perttu*" and that the Court would resolve the issue of exhaustion at an evidentiary hearing. *Id.* At the evidentiary hearing, the Magistrate Judge ruled that administrative remedies were available but Plaintiff failed to exhaust. The Sixth Circuit reversed the District Court, ruling that "there is no doubt that a judge may otherwise resolve factual disputes regarding exhaustion under the PLRA but…the Seventh Amendment requires a jury trial when the resolution of the exhaustion issue under the PLRA would also resolve a genuine dispute of material fact regarding the merits of the plaintiff's substantive case." *Id.* The Supreme Court rule similarly to the Sixth Circuit, holding that "[P]arties are entitled to a jury trial on PLRA exhaustion when that ***issue is intertwined with the merits of a claim***." *Id.* (emphasis added).

The recent Supreme Court Ruling in *Perttu* states only cases of intertwinement need go to a jury trial. This case differs from *Perrtu* in a major way: the issue of exhaustion is ***not*** intertwined with the merits of the excessive force claim.

The *Perrtu* case holds that a jury must determine fact issues relating to preliminary matters  -- such as exhaustion under the PLRA – when such facts are "intertwined" with the merits of Plaintiff's substantive claims. Intertwinement hinges on whether a determination of a preliminary fact issue also determines a material fact issue relating to the merits that must be determined by a jury for the substantive claims to be adjudicated.

In *Perttu*, this was the case, not simply because the plaintiff claimed his grievance forms had been torn up and unprocessed but because the plaintiff made claims of retaliation. The Court in *Perttu* stressed that, in deciding the exhaustion issues in the case, the district court necessarily decided whether the grievance process was unavailable because defendant tore up the grievance force and threatened plaintiff not to grieve as a form of retaliation against plaintiff exercising his First Amendment rights. Because the issue of whether the Defendant made the grievance process unavailable was also a material fact issue relating to the plaintiff's substantive First Amendment retaliation claims, the Seventh Amendment required such issues to be decided by a jury.

Here, however, such overlap is absent. Whether Plaintiff Marsh pursued a grievance and exhausted his available administrative remedies has no bearing on Plaintiff's excessive force in violation of the Eighth Amendment claim.

Unlike the Plaintiff in *Perttu*, Plaintiff Marsh has made no claim that destroying or ignoring his grievance submissions itself constituted retaliation or is otherwise actionable in its own right. Although, Plaintiff attempts to manufacture intertwinement of the issues by alleging for the first time in his June 10, 2025 filing (Doc. 95) that he was too injured to properly exhaust administrative remedies. Doc. 95 at 5-6. This allegation was never mentioned in Plaintiff's complaint, declaration, deposition, opposition to summary judgment, or any other filings. Only now, after over two years of litigating his excessive force claim, does Plaintiff state that the grievance process was available because of excessive force. This is a last minute attempt to suddenly plead, after the discovery period has ended, a new allegation against Defendant's affirmative defense of failure to exhaust in order for Plaintiff to avoid an evidentiary hearing on the issue of exhaustion. It is clear that no intertwinement exists between the issue of exhaustion and the claim of excessive force. Plaintiff's allegations of excessive force are not intertwined and overlapping with the issue of exhaustion. If the Court ruled that Plaintiff did or did not properly exhaust the administrative remedies, such fact would not prove or disprove whether Defendant Reckert used excessive force – the ultimate dispute.

The decision in *Perttu* requires a jury trial only when the issue of exhaustion is intertwined with the merits of the ultimate dispute; it does not expand so broadly as to require a jury trial for every issue of exhaustion when there is no intertwinement with the ultimate dispute. *Perttu,* 145 S.Ct. at 1802-03  The Supreme

Court acknowledges and remains supportive of evidentiary hearings on preliminary matters unrelated to the merits of the claim. *Id.*

Because there is no intertwinement, the Court should – as it has in the past[1] – conduct a preliminary hearing to determine whether Plaintiff's claims are barred for failure to exhaust administrative remedies. Indeed, the *Perttu* decision endorses this approach of a non-jury determination of the preliminary matter as the general rule where there is not sufficient intertwinement to require a jury's input.

WHEREOFRE, Defendant Reckert respectfully request that this Court to conduct a preliminary evidentiary hearing on the issue of exhaustion prior to the empaneling of a jury.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

*/s/ Juliana Bartoli*
Juliana Bartoli #76543MO
Assistant Attorney General
615 E. 13th St. Suite 401
Kansas City, Missouri 64106
(816) 889-5063
Juliana.Bartoli@ago.mo.gov

*Attorney for Defendant Reckert*

---

[1] *Covington v. Stuckey-Parchmon*, No. 4:18-cv-01667-SEP, 2021 WL 3856554 (E.D. Mo. 2021); *Walther v. Habtemariam*, No. 4:17-CV-2705-SPM, 2022 WL 2915566 (E.D. Mo. 2022).

5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 7, 2025, the foregoing was filed electronically with the Clerk of Court and was served upon all counsel of record via the Court's electronic case management system (CM/ECF).

*/s/ Juliana Bartoli*
Assistant Attorney General

6