UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAVON DUSTIN MARSH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 4:23-CV-00128-SPM |
| ROBERT A. RECKERT | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the question of whether disputed questions of fact related to Defendant's affirmative defense of failure to exhaust administrative remedies should be submitted to the jury or decided by the Court. For the following reasons, the Court will decide the disputed questions of fact related to failure to exhaust administrative remedies at an evidentiary hearing prior to the jury trial.

**A.    Background**

This action arises from a use of force that occurred at the Eastern Reception Diagnostic and Correctional Center on February 7, 2022, when Plaintiff Javon Marsh was being escorted from one housing unit to another by Defendant Robert Reckert and other prison officials. The only claim remaining for trial is Marsh's claim that Reckert used excessive force against him during the escort, in violation of the Eighth Amendment.

In a previously filed motion for summary judgment, Reckert asserted that it was undisputed that he did not use excessive force, that he was entitled to qualified immunity, and that Marsh failed to exhaust administrative remedies on his excessive force claim as required by the Prison Litigation Reform Act ("PLRA"). The Court denied the motion for summary judgment on all

grounds. In discussing exhaustion of administrative remedies, the Court noted that it was undisputed that Marsh had not completed the prison's administrative review process, which consists of an informal resolution request ("IRR"), a grievance, and an appeal of the denial of the grievance. However, the Court also noted the existence of evidence that Marsh had attempted to complete this process and was prevented from doing so by prison officials. Marsh testified that on February 22, 2022, he submitted an IRR describing the allegations of excessive force to Timothy McFarland, a corrections case manager, then never saw the form again. Marsh also submitted evidence that he filed a second IRR (in April of 2022) complaining about the missing initial IRR, followed by a grievance and appeal. In those materials, Marsh stated that he asked McFarland about the IRR, that McFarland said it was being processed and he would get Marsh a copy of it, and that McFarland never did. Based on this testimony and documentary evidence, the Court found genuine issues of material fact regarding whether Marsh had exhausted the administrative remedies that were "available" to him.

The Court set this case for a jury trial on the excessive force claim. The Court ordered the parties to brief the question of whether the disputed issues of fact related to failure to exhaust administrative remedies should be determined by the Court or the jury. The parties filed initial briefs setting forth their arguments, and then filed supplemental briefs setting forth additional arguments in light of the United States Supreme Court's recent decision in *Perttu v. Richards*, 145 S. Ct. 1793 (2025). Marsh argues that the exhaustion issue should be decided by the jury, and Reckert argues that it should be decided by the Court.

### B.     Discussion

The Supreme Court recently held that where the issue of exhaustion of administrative remedies under the PLRA is intertwined with the merits of the underlying suit, the parties are

2

entitled to a jury trial on exhaustion. *Perttu v. Richards*, 145 S. Ct. 1793 (2025). The Supreme Court has not addressed whether the court or the jury should decide PLRA exhaustion issues where those issues are *not* intertwined with the merits, nor has the Eighth Circuit decided that issue. However, other circuits, and district courts within the Eighth Circuit, have previously held that such issues should be decided by the Court. *See, e.g., Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015) (noting that "all six of the circuits that have considered the issue agree that judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury" and affirming the district court's conclusion that disputed issues of fact regarding PLRA exhaustion could be decided in a bench trial where those issues were not "bound up with the merits of the underlying dispute") (citation modified); *Covington v. Stuckey-Parchmon*, No. 4:18-CV-01667-SEP, 2021 WL 3856554, at *2 (E.D. Mo. Aug. 27, 2021) (noting that "the Eighth Circuit has not addressed the issue of whether the court or a jury should decide questions of material fact concerning compliance with the duty to exhaust" but that "other circuits have held that such disputed material questions should be decided by the court"). Thus, the question of whether the Court or the jury should decide the disputed material questions related to exhaustion depends on whether the exhaustion issue is intertwined with the merits of the case. Marsh argues that the issues are intertwined; Reckert argues they are not.

      The Court begins with a discussion of the Supreme Court's recent decision in *Perttu*. In *Perttu*, the inmate plaintiffs alleged that the defendant prison employee ripped up their grievance forms about sexual abuse, threw the forms away, threatened to kill the plaintiffs if they filed more, and retaliated against them for filing grievances, all in violation of their First Amendment rights. *Id.* at 1799. The defendant argued that the plaintiffs had failed to exhaust administrative remedies as required by the PLRA. *Id.* The parties agreed that the exhaustion issue and the First Amendment

3

questions were intertwined because both issues depended on whether the defendant did in fact destroy the plaintiffs' grievances and retaliate against the plaintiffs. *Id.* at 1798. The Court noted that it had previously "held in various contexts that, in cases of intertwinement, district courts should structure their order of operations to preserve the jury trial right." *Id.* at 1802. For example, it had previously held that where a legal claim and an equitable claim both hinge on a "common issue," such that resolving the equitable claim could prevent a full jury trial on the legal claim, it is not permissible for the district court to resolve the equitable claims before the jury decides the legal claims. *Id.* (citing *Beacon Theatres*, 359 U.S. 500, 508-11 (1959)). The Court also cited prior cases holding that although judges ordinarily may resolve factual disputes in the course of determining whether subject matter jurisdiction is proper, they may not do so when factual disputes are intertwined with the merits, "lest under the guise of determining jurisdiction the merits of the controversy between the parties be summarily decided without the ordinary incidents of a trial, including the right to a jury." *Id.* at 1803 (quoting *Smithers v. Smith*, 204 U.S. 632, 645 (1907)). The Court concluded, "Because nothing in the PLRA suggests Congress intended to depart from [the usual practice of the federal courts in cases involving intertwinement] here, we hold that parties are entitled to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim protected by the Seventh Amendment." *Id.* at 1806-07.

Reckert argues that in this case, in contrast to *Perttu*, there is no overlap between the material fact issues relevant to exhaustion and the material fact issues relevant to the underlying claim of excessive force, so the issues are not intertwined. The Court agrees. In *Perttu*, ruling on the exhaustion issue necessarily required the court to decide factual questions material to the plaintiffs' substantive First Amendment claims: whether the defendant tore up the grievances and threatened the plaintiffs with retaliation if they filed additional grievances. Here, in contrast, Marsh

4

has asserted no claim that his constitutional rights were violated through the ignoring or destruction of his IRR or through any other actions related to administrative remedies. Deciding whether Marsh exhausted his available administrative remedies by submitting an IRR to McFarland on February 22nd, as Plaintiff claims he did, does not require deciding any material fact relevant to whether Reckert used excessive force against Marsh on February 7th.

Marsh argues that the exhaustion issue *is* intertwined with the merits of his substantive claim. Marsh argues that resolution of the exhaustion issue may depend on whether Marsh's injuries from the excessive force constituted an "extenuating circumstance" that should have excused him from compliance with the 15-day IRR deadline. Marsh relies on a prison rule stating that an IRR must be filed within 15 calendar days from the alleged incident but that "[t]he functional unit manager may waive this time period in extenuating circumstances when an offender is unable to file the request within the specified time frame, because he is out to court, in hospital, etc." ECF No. 69-1, at 12. Marsh argues that assuming, *arguendo*, that the factfinder finds that Marsh did not timely file the initial IRR on February 22nd, the factfinder would then need to determine whether Marsh's second IRR (filed in April) should have been accepted by the functional unit manager outside of the 15-day time period because Marsh's bodily injuries inflicted by Reckert created an "extenuating circumstance."

Marsh's argument is unpersuasive. First, it is not at all clear that anyone (the Court or the jury) needs to decide whether "extenuating circumstances" were present in order to resolve the exhaustion issue. The Court is unaware of any allegations or evidence that Marsh was "unable to file the [IRR] within the specified time frame," such that the extenuating circumstances rule might be relevant. To the contrary, Marsh's consistent position—in the Complaint, in his second IRR and grievance, and in the testimony provided at the summary judgment stage—has been that he

5

*did* timely submit an initial IRR to prison staff describing the excessive force incident within 15 days. Furthermore, the rule cited by Marsh provides only that functional unit manager "may" waive the 15-day deadline where there are extenuating circumstances. It does not state that the functional unit manager must do so, nor does Marsh direct the Court to any authority to suggest that permissive language such as this would require a prison official to extend the time for pursuing administrative remedies. Additionally, Marsh also does not suggest that he ever requested a waiver of the 15-day deadline or that he ever made any attempt to file an IRR describing the excessive force after the 15-day deadline. Notably, Marsh's April IRR does not address the alleged use of excessive force on February 7th, only McFarland's handling of the February 22nd IRR. *See* ECF No. 69-1, at 14-17.

Second, even assuming, *arguendo*, that the question of whether there were "extenuating circumstances" might need to be decided to resolve the exhaustion issue, resolving that question would not require resolving any of the issues in the underlying claim. Deciding whether extenuating circumstances were present under the cited rule would require the Court to determine only whether Plaintiff was able to file a form within 15 days of the alleged use of excessive force. In making that determination, the Court would not need to determine any of the facts necessary to resolve the question of whether Reckert used excessive force under the Eighth Amendment. *See Peterson v. Heinen*, 89 F.4th 628, 635 (8th Cir. 2023) ("Our core judicial inquiry is whether the accused officers applied force in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. We are guided by the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.") (internal citations and quotation marks omitted). The Court finds that the issues are not intertwined.

### C.   Conclusion

For all of the above reasons, the Court finds that Marsh is not entitled to a have a jury determine the disputed facts relevant to the exhaustion issue. Accordingly,

**IT IS HEREBY ORDERED** that the Court shall hold a brief status conference on **Tuesday, July 22, 2025, at 1:30 p.m.**, to discuss the timing and logistics of an evidentiary hearing to address issues relevant to failure to exhaust administrative remedies. The conference will occur by Zoom, and counsel will receive instructions for attending by email.

_____<br>
SHIRLEY PADMORE MENSAH<br>
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of July, 2025.